UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DZENITA TURCINOVIC,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 18-cv-07821-SVK<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 21, 24 |

Plaintiff Dzenita Turcinovic ("Plaintiff") appeals from the final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act. For the reasons discussed below, the Commissioner's decision is affirmed.

## I. BACKGROUND

Plaintiff seeks disability benefits for the period May 17, 2012 through March 31, 2018. Dkt. 18 (Administrative Record ("AR")) 17, 185-91. On May 5, 2015, Plaintiff filed an application for disability benefits. AR 185-91. An Administrative Law Judge ("ALJ") held a hearing and issued an unfavorable decision on November 17, 2017. AR 12-35. The ALJ found that Plaintiff had the following severe impairments: lumbar spine degenerative disc disease status post lumbar fusion; bilateral knee degenerative joint disease status post right knee arthroscopic chondroplasty; and obesity. AR 17. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 21. The ALJ then determined that Plaintiff's residual functional capacity ("RFC") limited her to the full range of light work. AR 22. The ALJ concluded that Plaintiff was not disabled because she was capable of performing past relevant work as a buyer's assistant, as well as other jobs that exist in the national economy. AR 27.

After the Appeals Council denied review, Plaintiff sought review in this Court. Dkt. 1. In accordance with Civil Local Rule 16-5, the Parties filed cross-motions for summary judgment. Dkts. 21, 24. All Parties have consented to the jurisdiction of a magistrate judge. Dkts. 7, 13.

## II.     ISSUE FOR REVIEW

> 1. Did the ALJ err in assigning greater weight to the opinions of the non-examining state consultants than those of Plaintiff's treating physicians, Dr. Brendan Morley and Dr. Michael Krinsky?

## III.    STANDARD OF REVIEW

This Court has the authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. at 492. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where "the evidence is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Rounds*, 807 F.3d at 1102 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir.

2012)).

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id*. The Court is "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks and citation omitted). Additionally, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina*, 674 F.3d at 1111 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

## IV.   DISCUSSION

Plaintiff challenges the ALJ's evaluation of the medical evidence. Specifically, Plaintiff argues that the ALJ improperly rejected the opinions of Plaintiff's treating physicians, Dr. Brendan Morley and Dr. Michael Krinsky. Dkt. 21 at 8-10. In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In such cases, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and more weight is given to the opinion of an examining physician than a non-examining physician. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given controlling weight. 20 C.F.R. § 404.1527(c)(2). The ALJ must provide clear and convincing reasons, supported by substantial evidence, for rejecting the uncontradicted opinion of a treating physician. *See Ghanim*, 763 F.3d at 1160. Where contradicted, the opinion of a treating physician may only be rejected for "specific and legitimate reasons that are supported by substantial evidence." *Id*. Because the opinions of Dr. Morley and Dr. Krinsky are contradicted by those of the state medical consultants, the ALJ was required to provide "specific and legitimate reasons," supported by substantial evidence, to discount each doctor's opinions.

The ALJ gave Dr. Morley's and Dr. Krinsky's opinions "little weight" because: (1) "there is little evidence to support the conclusion that [Plaintiff] would need to elevate her legs" as the

3

doctors indicated and "[Plaintiff] did not testify to needing to elevate her legs throughout the day;" and (2) their opinions are "not supported by [Plaintiff's] treatment records, which document improvement in her symptoms following surgery and appropriate conservative treatment." AR 26. In addition to these reasons, the ALJ gave Dr. Morley's opinion little weight because his "opinion is contradictory in that [he] indicates that [Plaintiff] can sit, stand, or walk less than two hours in an eight-hour day, yet does not need to lie down or recline to control her pain." AR 26. Plaintiff argues that the ALJ failed to articulate specific and legitimate reasons for any of these three explanations. Dkt. 21 at 6-10. The Court finds that the ALJ's second reason, lack of support in the treatment records, is the most persuasive and will turn it to first.

### A. Plaintiff's Treatment Records

The ALJ states that Plaintiff's "treatment records, which document improvement in her symptoms following surgery and appropriate conservative treatment," do not support the treating physicians' opinions. AR 26. Under the "specific and legitimate reasons" standard, the ALJ is required to set out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ provides a detailed review of the record in his determination of Plaintiff's RFC (AR 23-25), which he then refers back to in his evaluation of the medical opinions. AR 25-26. In his comprehensive review of the record, the ALJ notes, with specificity, the medical records that evidence Plaintiff's improvement after surgery.

In particular, the ALJ notes that Plaintiff had two surgeries: back surgery in March 2014 and knee surgery in June 2016. AR 23-24. Shortly after her back surgery in March 2014, Plaintiff was able to ambulate without an assistive device. AR 23 (citing Exhibit 11F, pp. 3-4). Plaintiff continued to improve with post-surgical physical therapy and by April 2015, she was deemed to be "permanent and stationary." AR 23 (citing Exhibits 12F; 13F, pp. 2-4, 7; 14F, pp. 3-4, 8, 12). Plaintiff saw Dr. Morley in September 2015 for back pain. AR 23 (citing Exhibit 16F, p. 9). In July 2016, treatment records indicate that Plaintiff was given a cane. AR 24 (citing Exhibit 25F, p. 12). The rest of her treatment records do not document consistent use of an assistive device. AR 24 (citing Exhibit 25F, p. 12). Plaintiff's treatment records further document improvement in

4

1  her condition with conservative treatment and by March 2017, she indicated that she was using a
2  stationary bicycle for exercise and only intermittently using pain medication. AR 24 (citing
3  Exhibits 23F; 25F, pp. 2-5; 27F, pp. 148, 152, 161). There is no indication that Plaintiff required
4  significant ongoing use of narcotic pain medication or frequent emergency room treatment for
5  symptoms related to her back pain. AR 24.

6  In September 2015, Plaintiff also saw Dr. Morley for knee pain. AR 24 (citing Exhibit
7  16F, p. 9). In January 2016, she notified Dr. Krinsky of her knee pain. AR 982. Treatment
8  records regarding Plaintiff's knee pain reflect that Plaintiff underwent physical therapy, which
9  improved her symptoms and functioning. AR 24 (citing Exhibit 23F, p. 26). Despite this
10 improvement, Plaintiff had knee surgery to treat residual symptoms. AR 24 (citing Exhibit 19F,
11 pp. 2-3). Plaintiff was observed to be doing well after surgery (AR 24 (citing Exhibit 25F, p. 14))
12 and had further physical therapy with good results. AR 24. In October 2016, Plaintiff's physical
13 therapist observed that her range of motion and strength were good, notwithstanding some
14 limitations. AR 24 (citing Exhibit 23F, pp. 79-80, 84). Despite being denied further physical
15 therapy, Plaintiff's condition continued to improve. AR 24 (citing Exhibit 27F, pp. 32, 127). In
16 February 2017, Plaintiff indicated that her knee was tolerable and that she would continue using
17 her exercise bicycle. AR 24-25 (citing Exhibit 25F, p. 2). The ALJ noted that there was no
18 indication that Plaintiff had been recommended further surgery or that she consistently used an
19 assistive device for ambulation. AR 25. The Court finds that this detailed and thorough summary
20 of the facts, coupled with the ALJ's findings, are sufficient to satisfy the specific and legitimate
21 standard. *See Thomas*, 278 F.3d at 957.

22 The Court notes, and Plaintiff argues, that there are medical records that, at specific points
23 in time, contraindicate overall improvement. *See, e.g.,* AR 1279 (November 2015: Plaintiff was
24 "having greater symptoms postoperatively than preoperatively"); AR 981 (March 2016: "[T]here
25 ha[d] not been much improvement . . . [s]he still complain[ed] of significant pain"); AR 1234
26 (September 2016: It was "likely that she [would] undergo surgery for the left knee as well"); AR
27 1287 (November 2016: Plaintiff "continue[d] to complain of sharp low back pain . . . [and] sharp
28 pain in both knees"). However, this Circuit has held that a Court must uphold the ALJ's findings

1 if the findings are supported by inferences that are reasonably drawn from the record. *See Rounds*,
2 807 F.3d at 1002. These specific complaints, which are interleaved with reports of improvement
3 and predate the February 2017 and March 2017 findings, do not undermine the reasonable
4 inferences drawn by the ALJ.

Plaintiff also argues that the ALJ erred by giving "great" weight to the opinions of two non-examining physicians in part because their opinions were not based on the full record. Dkt. 21 at 10. The Ninth Circuit has stated that "[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957 (9th Cir. 2002). While "the opinions of non[-]examining doctors cannot by [themselves] constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician," they can be considered in combination with other evidence. *Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017) (quoting *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)) (alteration in original). Here, the ALJ gave great weight to the non-examining physicians' opinions because they: (1) were "consistent with [Plaintiff's] longitudinal treatment records; (2) adequately consider[ed] the combined effect of [Plaintiff's] functional capacity; and (3) [were] not contradicted by medical evidence submitted after the reconsideration determination." AR 25.

Again, the Court finds that the ALJ's detailed discussion of the medical record is sufficient to constitute specific and legitimate reasons. *See* AR 23-25. Plaintiff argues that the non-examining physicians' opinions were written in August 2015 and December 2015, before Plaintiff's knee surgery. AR 88-98, 100-112. The Court acknowledges that in the time since the December 2015 opinion, Plaintiff has undergone surgery on her right knee, has had at least two MRIs, and has sought the opinion of a different doctor. AR 1144-46, 51-52. However, the Court finds that the ALJ sufficiently examined the content in the record and properly concluded that the non-treating physicians' opinions did not contradict the post-December 2015 evidence in the record. *See* AR 25.

////

////

Consequently, the Court concludes that the ALJ's finding that the treating physicians' opinions are not supported by Plaintiff's treatment records is itself supported by specific and legitimate reasons and is a proper basis for rejecting the opinions of Dr. Morley and Dr. Krinsky.

### B. Plaintiff's Need to Elevate Her Legs

The ALJ states that there is "little evidence to support the conclusion that [Plaintiff] would need to elevate her legs" as Dr. Morley and Dr. Krinsky indicated in their medical source statements. AR 26. Here, however, the ALJ did not point to or discuss any evidence in the record that justified his decision to reject the treating physicians' opinions. A conclusory statement, without supporting explanations or examples, falls short of satisfying the specific and legitimate standard. *See Payton v. Colvin*, 632 Fed. Appx. 326, 327 (9th Cir. 2015). Additionally, the ALJ's note that Plaintiff "did not testify to needing to elevate her legs throughout the day" is incorrect, as Plaintiff testified that she would have to move every "20 to 30 minutes even if I'm laying down, even if I'm standing, even if I'm sitting. I put my legs up, put my legs down." AR 26, 68.

Accordingly, the ALJ's conclusory statement that there is little evidence to support Dr. Morley's and Dr. Krinsky's opinions that Plaintiff would need to elevate her legs is not a legitimate basis for rejecting their opinions. However, because the treatment records support the ALJ's assignment of little weight to these opinions as noted above, the Court finds this error to be harmless. *See Brown-Hunter*, 806 F.3d at 492.

### C. Dr. Morley's Contradictory Opinions

The ALJ also states that Dr. Morley's opinion is "contradictory in that the doctor indicates that [Plaintiff] can sit, stand, or walk less than two hours in an eight-hour day, yet does not need to lie down or recline to control her pain." AR 26. The ALJ neither offers an explanation as to why he felt this opinion was contradictory, nor does he cite to any medical evidence that contradicts Dr. Morley's opinion. Far from setting out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings," *Thomas*, 278 F.3d at 957, the ALJ identified nothing in Dr. Morley's treatment notes or the clinical record that contradict the opinion. The Court also notes that the opinion that Plaintiff can sit, stand, or walk less than two hours and the opinion that Plaintiff does not need to lie down or recline to control

7

her pain are not necessarily contradictory. Presumably, there are other positions one can assume, such as standing with a foot elevated or sitting with legs elevated. Accordingly, the Court finds that this is not an appropriate reason to reject Dr. Morley's opinion. However, because the treatment records support the ALJ's assignment of little weight to Dr. Morley's opinion, the Court finds this error to be harmless as well. *See Brown-Hunter*, 806 F.3d at 492.

### D. Conclusion on the ALJ's Evaluation of Medical Evidence

As discussed above, the Court finds that the ALJ's statement that Plaintiff's "treatment records, which document improvement in her symptoms following surgery and appropriate conservative treatment," is a specific and legitimate reason to discount the opinions of Dr. Morley and Dr. Krinsky. Accordingly, the Court concludes that the ALJ did not err in evaluating the medical evidence.

## V. DISPOSITION

The Social Security Act permits courts to affirm, modify, or reverse the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014). For the reasons set forth above, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** the Commissioner's cross-motion for summary judgment. This action is dismissed with prejudice.

**SO ORDERED.**

Dated: November 26, 2019

*[signature]*

SUSAN VAN KEULEN
United States Magistrate Judge